UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>ABIDEMI RUFAI<br>a/k/a Sandy Tang,<br>Defendant. | CASE NO. 21-MJ-5101-DWC<br><br>**EMERGENCY MOTION TO STAY RELEASE ORDER**<br><br>Note on Motion Calendar:<br>May 24, 2021 |

The United States of America respectfully moves the Court to enter a stay of an order, entered in the Eastern District of New York, releasing defendant Abidemi Rufai on a $300,000 surety bond.  The government will submit a motion for review of the release order pursuant to 18 U.S.C. § 3145(a)(1) on May 23, 2021.  The government requests that the Court's stay order require that the defendant remain in custody until this Court has ruled on the government's motion.

The government will provide a full discussion of the relevant facts in its motion for review, but submits the following summary in support of its request for this stay:

1.  On May 14, 2021, the Honorable David W. Christel authorized an Amended Complaint charging Abidemi Rufai with five counts of wire fraud in connection with the fraud on the Washington State Employment Security Department in April and May of 2020.  The Complaint alleges that Rufai used the stolen personal identifying information (PII) of Washington residents to submit fraudulent claims for

Motion to Stay Release Order - 1
*United States v. Rufai* - MJ-5101

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

unemployment benefits.  The Complaint sets out evidence linking Rufai to the email account used to submit the claims, and evidence that some of the fraud proceeds were sent to the residence of Rufai's brother in Queens, New York, where Rufai was staying.

2. At about 7:45 PM on May 14, 2021, federal law enforcement officers arrested Rufai at John F. Kennedy International Airport, in the Eastern District of New York, as he prepared to board a flight to travel first-class to Nigeria.

3. Rufai is a Nigerian national with no connections to the Western District of Washington apart from this fraud.  Rufai's only connection to the United States is that one of his 15 siblings lives in Queens, New York.  Rufai has visited the United States three times since 2017.  He has no lawful status here (his visa has been revoked and a detainer has issued), and he has no lawful means of earning income in this country.  Rufai has close connections to Nigeria, and until last week, served as the Senior Special Assistant to the Governor of Okun, a Nigerian state adjacent to Lagos.

4. On Saturday, May 15, 2021, Rufai had his initial appearance in the U.S. District Court for the Eastern District of New York.  The government moved for detention, arguing that Rufai presents a serious risk of flight for reasons summarized in two letters to the Court, which are attached as Exhibits A and B to this motion.  Rufai's removal proceeding was assigned cause number 21-MJ-528 in the Eastern District of New York.

5. On May 19, 2020, Magistrate Judge Ramon Reyes, Jr. held a detention hearing.  Judge Reyes agreed with the government that Rufai poses a serious flight risk, but found that the risk could be addressed by conditions of release, including a $300,000 bond co-signed by Rufai's brother, who is licensed as an attorney in New York.

6. Rufai's brother told the Court he was unwilling to sign the bond.  Judge Reyes explained to Rufai's brother that he would not be required to put up any security for the bond, and would be required to make payment on the bond only if Rufai failed to appear at court proceedings.  Rufai's brother stated that he was unwilling to sign the bond

Motion to Stay Release Order - 2
*United States v. Rufai* - MJ-5101

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

even on those conditions. Accordingly, Judge Reyes entered a detention and transfer order.

7. On May 20, 2021, defense counsel informed the court that he had identified an alternate surety (the Surety) and requested a hearing to reconsider the detention order. At the hearing, the defense proposed that Rufai be released to live at the Surety's residence with the Surety and her husband while this matter is pending, and that defendant surrender travel documents and be placed on GPS monitoring. The Surety testified at the hearing that she is a nurse and is a family friend of Rufai. She testified that she saw Rufai about once each time he visited the United States, that is, about three times since 2017.

8. Pretrial Services for the Eastern District of New York did not conduct any inquiry or investigation into the Surety or her residence. In advance of the hearing, the government informed the Court that the Surety's financial institution had identified her as a suspect in an email impersonation and money laundering scheme. *See* Ex B. In addition, following the hearing, the government confirmed that the Surety's husband, Idris Soyemi, (who lives at the proposed release address) was previously convicted of wire fraud for purchasing stolen PII over email, and using the stolen PII to engage in credit card and bank fraud. *See United States v. Soyemi*, 1:13-cr-0096-PB (D. N.H.).

9. The Surety does not have resources sufficient to guarantee the bond. The Surety testified that she has $50,000 in equity in her house, and submitted additional documentation evidencing about $3,500 in other assets.

10. Magistrate Judge Reyes ordered Rufai released on a $300,000 appearance bond, co-signed by the Surety. The bond requires Rufai to reside with the Surety and her husband, and imposes other conditions, including home detention with location monitoring. The bond does not limit Rufai's use of the internet.

11. At the conclusion of the hearing, the government requested a stay of the release order to allow the government to seek review of the order pursuant to

Motion to Stay Release Order - 3
*United States v. Rufai* - MJ-5101

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

18 U.S.C. § 3145(a).  Magistrate Judge Reyes stayed the release order until May 25, 2021.

12. The government intends to file its motion for review of the release order later today (May 24, 2021). The government is concerned that Rufai will immediately flee if released. Rufai has the financial resources and ability to obtain fraudulent identification, which he may use to flee the county. If Rufai does escape, extradition from Nigeria is likely to be extremely difficult or impossible, particularly given Rufai's connections to the Nigerian government. Accordingly, the government requests that this Court issue an order staying the defendant's release while the motion for review is pending.

DATED this 24th day of May, 2021.

Respectfully submitted:
TESSA M. GORMAN
Acting United States Attorney

*s/ Seth Wilkinson*
SETH WILKINSON
CINDY CHANG
Assistant United States Attorneys
700 Stewart Street, Suite 5220
Seattle, WA 98101-1271

Motion to Stay Release Order - 4
*United States v. Rufai* - MJ-5101

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970