```
                  UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF NEW HAMPSHIRE


* * * * * * * * * * * * * * * * *
                                 *
UNITED STATES OF AMERICA         *
                                 *   13-cr-96-01-PB
            v.                   *   March 31, 2014
                                 *   11:15 a.m.
IDRIS SOYEMI                     *
                                 *
* * * * * * * * * * * * * * * * *




             TRANSCRIPT OF CHANGE OF PLEA HEARING
             BEFORE THE HONORABLE PAUL J. BARBADORO
```

Appearances:

For the Government:   Arnold Huftalen, AUSA
                      U.S. Attorney's Office
                      53 Pleasant Street
                      Concord, NH 03301

For the Defendant:    Andrew R. Schulman, Esq.
                      Getman Schulthess & Steere PA
                      1838 Elm Street
                      Manchester, NH  03104

Probation Officer:    Sean Buckley

Court Reporter:       Sandra L. Bailey, LCR, CM, CRR
                      Official Court Reporter
                      United States District Court
                      55 Pleasant Street
                      Concord, NH  03301
                      (603)225-1454

|    |                                                                        |
|----|------------------------------------------------------------------------|
| 1  | BEFORE THE COURT                                                       |
| 2  | THE CLERK:  Court is in session and has for                            |
| 3  | consideration a change of plea hearing in the United                   |
| 4  | States of America verses Idris Soyemi, Criminal Case No.               |
| 5  | 13-cr-96-01-PB.                                                        |
| 6  | THE COURT:  All right, sir, I understand you                           |
| 7  | intend to plead guilty to a one-count information                      |
| 8  | charging you with wire fraud; is that right?                           |
| 9  | THE DEFENDANT:  Yes, your Honor.                                       |
| 10 | THE COURT:  I'm going to ask you a series of                           |
| 11 | questions.  You need to speak your answers because what                |
| 12 | we say is being recorded.  You also need to respond                    |
| 13 | truthfully.  So I'll direct the deputy clerk to place                  |
| 14 | you under oath now.                                                    |
| 15 | THE CLERK:  Please raise your right hand.                              |
| 16 | (Defendant duly sworn.)                                                |
| 17 | THE COURT:  Be seated and remain -- you can                            |
| 18 | remain seated throughout the proceeding.                               |
| 19 | If you don't understand something I'm saying                           |
| 20 | to you, interrupt me and ask me to explain.  Do you                    |
| 21 | understand?                                                            |
| 22 | THE DEFENDANT:  Yes, your Honor.                                       |
| 23 | THE COURT:  How far did you go in school?                              |
| 24 | THE DEFENDANT:  Bachelor's degree, sir.                                |
| 25 | THE COURT:  Do you have any difficulty                                 |

1 reading?
2          THE DEFENDANT:  No, your Honor.
3          THE COURT:  Were you able to read the charge,
4 that is a one-count indictment charging you with the
5 offense of wire fraud, were you able to read that
6 charge?  It was an indictment; right?
7          MR. HUFTALEN:  It's an indictment.  It's in
8 two counts.  He's pleading to One and we will be
9 dismissing Two.
10          THE COURT:  Oh, okay.
11          MR. HUFTALEN:  Count One, you're correct,
12 Count One is wire fraud and that's what he is pleading
13 to.
14          THE COURT:  Count Two will be dismissed.
15          MR. HUFTALEN:  Yes.
16          THE COURT:  All right.  So you're going to
17 plead to Count One of the indictment charging you with
18 wire fraud.
19          Do you understand you're pleading guilty to
20 that charge?
21          THE DEFENDANT:  Yes, your Honor.
22          THE COURT:  You would not have to prove your
23 innocence to this charge.  Instead, the government would
24 have to prove your guilt beyond a reasonable doubt.  And
25 the prosecutor would have to prove certain things called

1  elements of the offense in order for you to be found
2  guilty.  The elements of the offense of wire fraud are
3  as follows and they're described in the Acknowledgment
4  and Waiver of Rights form you signed.
5           The first thing the prosecutor would have to
6  prove is that there was a transmission by wire or
7  telecommunication in interstate commerce of writings or
8  signals for the purpose of executing a scheme or
9  artifice to defraud or obtain -- that really isn't the
10 right way to describe the elements here.  Let me do it
11 my way.
12          (Pause.)
13          THE COURT:  You know what, I've got to go up
14 and get a -- this isn't the right way to state the
15 elements of the offense of wire fraud.
16          MR. SCHULMAN:  I'm the one who stated them.
17          THE COURT:  It's kind of a jumble.  I'm going
18 to have to go get the model instruction and instruct on
19 it.  It's in such a passive voice that it suggests that
20 the crimes committed is somebody else did all these
21 things.  The key element of wire fraud is he must have
22 devised it or participated in a scheme or artifice to
23 defraud.  That's the core requirement.  And this
24 element, this isn't sufficient.  So we'll take a short
25 break.  I'll go get the model instruction and I'll bring

1  it down.
2              MR. HUFTALEN:  I have the model instructions
3  from another case, from Judge Hornby's more recent model
4  instructions, if it will save the court some time.
5              THE COURT:  You have it right there?  Okay,
6  yeah.  Hand it up, please.
7              MR. SCHULMAN:  I apologize, your Honor.  I
8  didn't mean it to sound passive.
9              THE COURT:  No, no offense.  But I really want
10 the prosecutor to do the elements of offense part in
11 these because defense lawyers, they know them, but they
12 aren't used to describing them because they don't charge
13 people.
14             MR. HUFTALEN:  What I'm handing to your deputy
15 clerk is what I had for Mr. Ngo whose plea you took a
16 while ago on wire fraud who this defendant was involved
17 with.  I made some notations on there to correct a typo
18 to take Mr. Ngo's name off.
19             (Pause.)
20             THE COURT:  Let me just take a minute and I'll
21 go up and get my instruction.
22             (Pause.)
23             THE COURT:  All right, so as I said, the
24 prosecutor would have to prove your guilt of this charge
25 at trial and you wouldn't have to prove your innocence.

```
 1   So the burden would be on him at your trial to come
 2   forward and present evidence sufficient to satisfy every
 3   element of the offense of wire fraud.  Do you understand
 4   that?
 5           THE DEFENDANT:  Yes, your Honor.
 6           THE COURT:  Now, the Acknowledgment and Waiver
 7   of Rights form recites the elements, and it's just
 8   not -- it's correct but it's not the way I like to
 9   describe the elements.  So I'm going to describe them to
10   you somewhat differently.  If you don't understand what
11   I'm saying, interrupt me and ask me to explain.  Okay?
12           THE DEFENDANT:  Yes, your Honor.
13           THE COURT:  All right.  So, in order to be
14   guilty of wire fraud the first thing that a prosecutor
15   would have to prove is that a scheme existed
16   substantially as charged in the indictment to defraud
17   and obtain money or property of another by means of
18   false or fraudulent pretenses.  Okay?  That's the first
19   thing that would have to be proved.
20           The second thing that would have to be proved
21   is that you knowingly and willfully participated in the
22   scheme with the intent to defraud.
23           And third, it would have to be proved that you
24   either sent or caused to be sent in interstate or
25   foreign -- excuse me, a communication, you either sent
```

1  or caused to be sent a communication in interstate or
2  foreign commerce in furtherance of the scheme to defraud
3  on or about the date specified in the charge.
4           So those are the key things.  A scheme to
5  defraud.  Your knowing and willful participation in the
6  scheme to defraud.  And your use or causing to be used
7  interstate wire communications in furtherance of the
8  scheme.
9           Do you understand that those are the things
10 that would have to be proved in order for you to be
11 found guilty of wire fraud?
12          THE DEFENDANT:  Yes, your Honor.
13          THE COURT:  Now, let me drop back and ask a
14 couple things.  Did you read the indictment; that is,
15 the written charge in this case?
16          THE DEFENDANT:  Yes, your Honor.
17          THE COURT:  Did you have a chance to discuss
18 it with your lawyer?
19          THE DEFENDANT:  Yes, your Honor.
20          THE COURT:  How about the Acknowledgment and
21 Waiver of Rights form that you signed.  Did you read
22 that as well?
23          THE DEFENDANT:  Yes, your Honor.
24          THE COURT:  And did you discuss that with your
25 lawyer?

```
 1                THE DEFENDANT:  Yes, your Honor.
 2                THE COURT:  Do you feel you understand both
 3   documents?
 4                THE DEFENDANT:  Yes, your Honor.
 5                THE COURT:  Have you ever been treated for a
 6   mental illness?
 7                THE DEFENDANT:  No, your Honor.
 8                THE COURT:  Are you taking any medicine today
 9   or are you under the influence of drugs or alcohol?
10                THE DEFENDANT:  No, your Honor.
11                THE COURT:  Okay.  The maximum possible prison
12   term that you face here is 20 years in prison.  You face
13   a maximum possible fine of $250,000.  You face a term of
14   supervised release of up to three years.  If you violate
15   supervised release, you could be sent back to prison.
16   And you could be required to pay restitution as a part
17   of your offense.  Do you understand all that?
18                THE DEFENDANT:  Yes, your Honor.
19                THE COURT:  Have you discussed in general with
20   your lawyer how the sentencing guidelines may apply in
21   this case?
22                THE DEFENDANT:  Yes, your Honor.
23                THE COURT:  When I sentence you I will use the
24   guidelines to determine a guideline sentencing range.
25   That's a range of months.  I will then treat the
```

1  guidelines as advisory.  So I could sentence you within
2  the guidelines, or I could sentence you above it, or I
3  could sentence you below it.  Do you understand that?
4              THE DEFENDANT:  Yes, your Honor.
5              THE COURT:  By pleading guilty you're giving
6  up certain constitutional rights.  I want to review
7  those rights with you now to make sure you understand
8  them.
9              You have the right to a trial.  That would be
10 in front of a jury.  The jury would consist of 12
11 people.  All 12 people would have to find you guilty
12 beyond a reasonable doubt in order for you to be found
13 guilty.
14             You could be represented by counsel at no cost
15 to you.
16             You could bring witnesses in to court at no
17 cost to testify for you.
18             You could testify at your trial.  If you
19 wanted to remain silent, you could remain silent.  If
20 you chose to remain silent, I will tell the jury that
21 they could not hold your silence against you in any way.
22             You could be present during the trial and you
23 could have your lawyer cross-examine any witnesses who
24 testify against you.
25             By pleading guilty you're giving up all these

1  rights.  If I accept your guilty plea, there won't be a
2  trial.  The only thing that will be left is for me to
3  sentence you.  Do you understand all of that?
4           THE DEFENDANT:  Yes, your Honor.
5           THE COURT:  Has anyone threatened you in an
6  effort to try to get you to plead guilty?
7           THE DEFENDANT:  No, your Honor.
8           THE COURT:  Has anyone promised you anything
9  in an effort to try to get you to plead guilty?
10          THE DEFENDANT:  No, your Honor.
11          THE COURT:  Mr. Huftalen, have you extended
12 any formal plea offers to the defendant?
13          MR. HUFTALEN:  No, other than what he's
14 pleading to by way of this acknowledgment and waiver, we
15 have not conveyed a formal plea offer to him.
16          THE COURT:  Well, let me understand the
17 situation.  There's two counts.  You're saying one count
18 will be dismissed.  Are you telling me that that's not
19 in exchange for his guilty plea; rather, it's simply a
20 promise that -- it's just simply a decision that you
21 made that you're going to do this?  There's no quid pro
22 quo involved?
23          MR. HUFTALEN:  Correct.
24          THE COURT:  Okay.  Do you agree with that?
25          MR. SCHULMAN:  I do.

1        THE COURT:  Apart from informal discussions,
2   did you extend any formal plea offer to the defendant?
3        MR. HUFTALEN:  No, I did not.  We had informal
4   discussions.  There are a few things listed in a letter
5   which the court has that bear on that.
6        THE COURT:  All right.  Wait.  Come up to
7   sidebar.
8        There are only court personnel in here, I
9   guess, so we can close the courtroom and you can go back
10  to your -- this portion of the discussion will be under
11  seal.
12       MR. SCHULMAN:  Thank you.
13       (A SEALED HEARING WAS HELD AND IS
14         TRANSCRIBED UNDER SEPARATE COVER.)
15       THE COURT:  I need an offer of proof from you,
16  Mr. Huftalen.
17       MR. HUFTALEN:  Thank you, your Honor.  In the
18  event this case were to proceed to trial, I submit that
19  the evidence would establish beyond a reasonable doubt
20  the following:
21       For several years until an arrest was made in
22  February of 2013, an individual living in Vietnam whose
23  last name was Ngo was engaged in the business of selling
24  personal identifying information, including names, DOBs,
25  social security numbers, credit card account information

1  to more than 13 hundred people around the world so that
2  those 13 hundred customers of his could engage in
3  criminal activities including credit card fraud, bank
4  fraud and income tax fraud.
5           The evidence would show that Mr. Ngo, who has
6  pled guilty, and in the event this case went to trial,
7  would testify at trial, knew that his customers were
8  buying this PII to engage in fraud.  The evidence would
9  also show that one of the customers was the defendant,
10 Mr. Soyemi.
11          E-mail communications between Mr. Soyemi and
12 Mr. Ngo would establish that Mr. Soyemi was purchasing
13 on numerous occasions PII from Mr. Ngo who was in
14 Vietnam while Mr. Soyemi was in New York, thereby
15 involving international wire communications through
16 e-mail.
17          The evidence would also establish that in
18 February of 2013, Mr. Ngo was arrested.  The e-mail
19 addresses that he used to communicate with his
20 customers, including Mr. Soyemi, were with Mr. Ngo's
21 agreement turned over to a Secret Service agent, Matthew
22 O'Neil, who then corresponded with many of Mr. Ngo's
23 customers, including Mr. Soyemi, posing as Mr. Ngo.
24 During those communications, as are specifically set
25 forth in Count One of the indictment, Mr. Soyemi asked,

1   Mr. Soyemi while he was in New York utilizing his e-mail
2   address that's set out in the indictment,
3   ketay01@yahoo.com, asked the undercover agent to please
4   sell him additional PII, dates of birth, social security
5   numbers, and send them to him in New York.  The
6   undercover agent did not do that, but rather just
7   communicated with him.
8           The evidence that would show that Mr. Soyemi
9   was in fact the person who was using the
10  ketay01@yahoo.com e-mail address includes the following:
11  Mr. Soyemi lived at a particular address in New York
12  which was known to law enforcement.  The Internet
13  protocol addresses for the log-in's to that
14  ketay01@yahoo.com over many months and at all times of
15  the day and night originated at that address where Mr.
16  Soyemi was living.
17          Mr. Soyemi was taken into custody on April 3rd
18  of 2013.  This, I believe, may not be admissible at
19  trial, but it's a fact in the case, and that is
20  communications between the person using
21  ketay01@yahoo.com and the undercover agent, stopped on
22  the day that Mr. Soyemi was arrested, and have never
23  resumed since because -- I would say because Mr. Soyemi
24  has been in custody since.
25          During the course of the communications

1  between Special Agent O'Neil posing as Mr. Ngo, and Mr.
2  Soyemi, Agent O'Neil e-mailed Mr. Soyemi at that e-mail
3  address and said I'm back.  Agent O'Neil, posing as Mr.
4  Ngo, e-mailed Mr. Soyemi on February 25th, 2013, and
5  said, quote, I am back.  You doing tax refund or credit
6  card?  And Mr. Soyemi responded, I do credit cards but
7  can you tell me tax refund.
8          I submit the evidence in the case would
9  establish that the intent of Mr. Soyemi was to get the
10 personal identification information of dozens, if not
11 hundreds, of individuals in the United States for the
12 purpose of engaging in criminal conduct, including
13 credit card fraud and bank fraud, so that Mr. Soyemi
14 could then falsely represent that he was the actual
15 person in whose name he was applying for credit card
16 accounts to obtain merchandise through that false
17 representation and also to obtain money from banks
18 through the false representation that he was the person
19 associated with that bank account.
20         I believe that is a very brief summary of what
21 the evidence would be that I think would be sufficient
22 to allow a jury to find the elements of wire fraud
23 beyond a reasonable doubt.
24         THE COURT:  All right, thank you.  Have you
25 heard what the prosecutor said, Mr. Soyemi?

```
 1            THE DEFENDANT:  Yes, your Honor.
 2            THE COURT:  Do you disagree with anything that
 3   he has said?
 4            THE DEFENDANT:  No, your Honor.
 5            THE COURT:  Are you pleading guilty to this
 6   charge because you are guilty?
 7            THE DEFENDANT:  Yes, your Honor.
 8            THE COURT:  Are you satisfied with the legal
 9   advice you've received from your attorney?
10            THE DEFENDANT:  Yes, your Honor.
11            THE COURT:  Counsel, have you advised your
12   client concerning the admissibility of any statements or
13   other evidence against him?
14            MR. SCHULMAN:  Yes, I have, your Honor.
15            THE COURT:  To your knowledge is he pleading
16   guilty because of any illegally obtained evidence in the
17   government's possession?
18            MR. SCHULMAN:  No.
19            THE COURT:  Do you know of any reason why I
20   should not accept his guilty plea?
21            MR. SCHULMAN:  None whatsoever.
22            THE COURT:  Mr. Soyemi, this is the last
23   chance you have to change your mind.  Do you feel you
24   have had enough time to think about your decision?
25            THE DEFENDANT:  Yes, your Honor.
```

```
 1              THE COURT:  Do you still wish to plead guilty?
 2              THE DEFENDANT:  Yes, your Honor.
 3              THE COURT:  You've told me you've read the
 4    charge and understand it, so I won't read it to you
 5    again unless you want me to.  Do you want me to read it
 6    to you?
 7              THE DEFENDANT:  No, your Honor.
 8              THE COURT:  Okay.  I will take your guilty
 9    plea then.
10              As to Count One of the indictment charging you
11    with the offense of wire fraud, how do you plead to that
12    charge, guilty or not guilty?
13              THE DEFENDANT:  Guilty, your Honor.
14              THE COURT:  Having questioned the defendant
15    and his counsel on the offered plea of guilty, the
16    defendant and his counsel having informed the court that
17    they have conferred concerning the offered plea of
18    guilty and all aspects of the charge against the
19    defendant, and any defenses he may have, and the court
20    having observed the defendant making his answers, his
21    demeanor and manner while answering questions, his
22    attitude and his apparent intelligence, and the court
23    having observed that the defendant does not appear to be
24    under the influence of any medication, drug or other
25    substance which may affect his judgment in any manner,
```

```
 1   the court finds that the offered plea of guilty of the
 2   defendant has a factual basis, is free of any coercive
 3   influence of any kind, is competently and voluntarily
 4   made with full knowledge of the charge against him and
 5   the consequences of his plea.  That there have been no
 6   promises made to him, and no threats or coercion have
 7   been exerted upon him in any manner.  Accordingly, I
 8   accept the defendant's guilty plea.  He's now adjudged
 9   guilty of the offense set forth in Count One of the
10   indictment.
11            Sentencing in this case will take place on
12   July 7th at 10 a.m.  Parties should consult local rules
13   for other dates bearing on the sentencing process.
14            The defendant is currently in custody.  I see
15   no reason to change his custody status.
16            Is there anything else we need to cover today?
17            MR. SCHULMAN:  No, sir.
18            MR. HUFTALEN:  No, sir.
19            THE COURT:  Okay, thank you.
20            (Hearing adjourned at 12:00 p.m.)
21
22
23
24
25
```

```
 1
 2                    C E R T I F I C A T E
 3
 4        I, Sandra L. Bailey, do hereby certify that
 5   the foregoing transcript is a true and accurate
 6   transcription of the within proceedings, to the best of
 7   my knowledge, skill, ability and belief.
 8
 9
10   Submitted: 4/9/2014        /s/ Sandra L. Bailey
                                SANDRA L. BAILEY, LCR, CM, CRR
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```